## HICKS *v.* THE STATE.

1. An indictment for larceny from the house, alleging that the accused entered a specified house, and after so entering did steal therefrom certain corn, is not supported by evidence showing no more than that the accused, with intent to steal, entered the house in question, partially filled a basket with corn therein contained, and gave a false explanation of his purpose in so doing, it not appearing that when he left the house he actually took and carried therefrom any corn at all.
2. The court erred in not setting the verdict aside on the ground that it was without evidence to support it.

Argued June 7, — Decided June 16, 1897.

Indictment for larceny from the house.   Before Judge Felton.   Houston superior court.   April term, 1897.

*R. N. Holtzclaw, M. Kunz Jr.,* and *J. A. Edwards,* for plaintiff in error.

*Robert Hodges, solicitor-general,* contra.

COBB, J.   The accused was indicted for the offense of larceny from the house, in that, after entering the house of W. E. Warren, he did "privately steal therefrom one basket of corn of the value of one dollar," of the personal goods of said Warren. The evidence was, that he entered the corn-crib of the prosecutor, and was there seen filling a basket of corn; that the basket would hold about a bushel, and that it was worth fifty cents.   There was evidence that the prosecutor had been missing corn from his horse-trough; and there was also testimony going to show that the accused had sold corn on several occasions, and had made false statements as to where he had obtained it.   When the accused was found in the house filling the basket, he made a false statement as to who sent him there and for what purpose he was filling the basket.   There was no evidence that when he left the house he carried the corn

with him. As the distinct charge made in this case was that the accused stole the corn from the house, clearly and necessarily meaning that he carried it out of the house, and as the evidence failed to show that he did actually carry any corn from the house, there was no evidence authorizing the jury to find him guilty of the offense charged in this indictment; and the court erred in not setting aside the verdict on the ground that there was no evidence to support it.

*Judgment reversed. All the Justices concurring.*